UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                      MEMORANDUM OPINION
                                           AND ORDER

Floyd Burnett Gamble,             Crim. No. 21-00019-01 (MJD)

    Defendant.

Thomas Calhoun-Lopez, Assistant United States Attorney, Counsel for Plaintiff.

Floyd Burnett Gamble, pro se.

This matter is before the Court on Defendant's Letter Motion to Modify Sentence. (Doc. 80.)

I.     **Background**

On October 14, 2022, the Court sentenced Defendant to 77 months imprisonment, followed by 3 years' supervised release after Defendant pleaded guilty to being a Felon in Possession of a Firearm. (Doc. 70 at 2-3.)

On May 5, 2025, Defendant sent a letter asking the Court whether he is eligible for resentencing pursuant to Amendment 821 to the United States Sentencing Guidelines regarding calculation of "status points." Defendant also

wants custodial credit for time he spent in county jail from his arrest on November 3, 2020 to his October 2022 sentencing. The Government and Probation have responded to the motion. Defendant filed a reply.

II.   **Defendant's Request for Relief Under U.S.S.G. § 821**

In response to Defendant's request, Probation filed an Amendment 821 Retroactivity Assessment that contains the following Amended Guideline Calculations:

|  | Original Sentence | Revised (November 1, 2023) |
|---|---|---|
| Term of Imprisonment: | 77 months' custody |  |
| Total Offense Level: | 21 | 21 |
| Criminal History Category (Points): | VI (14 points; ) | VI (13 points) |
| Applicable Amendment(s): | Not applicable | USSG §4A1.1(e) |
| Custody Guideline Range: | 77 months to 96 months | 77 months to 96 months |
| Fine Range: | $15,000 to $150,000 | $15,000 to $150,000 |
| Substantial Assistance: | ☒ No ☐ Yes | Not applicable |

Defendant is ineligible for a sentence reduction because a defendant's sentence may only be reduced when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The amendment did not lower Defendant's applicable guideline range, and thus Defendant is not covered by U.S.S.G. § 1B1.10(a)(2)(B) and 18 U.S.C. § 3582(c)(2). Although Defendant's criminal history score was reduced under

U.S.S.G. § 4A1.1(e), his criminal history category remained a category VI, and thus Defendant's guidelines did not change. Therefore, this part of the motion will be denied.

### III.     Request for Award of Credit for Time Served in County Jail

Defendant seeks recalculation of his time-served credits. He argues that he should be given credit toward his instant sentence based on the time he spent in County Jail from November 3, 2020 until his sentencing date in this case. (Doc. 80; see also Doc. 61 ¶ 51 (PSR (explaining purpose of his county incarceration)).)

> The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. Prisoners are entitled to administrative review of the computation of their credits, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241.

United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (internal citations omitted). However, such a § 2241 habeas petition must be filed in the district in which Defendant is confined; the United States District Court for the District of Columbia; or in any district in which the BOP maintains a regional office, which does not include the District of Minnesota. See United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000).

A habeas petition filed in the wrong district may be dismissed without prejudice or, "if it be in the interest of justice," transferred to the appropriate district. See 28 U.S.C. § 1406(a). Here, although Defendant claims in his reply to have exhausted his administrative remedies, he provides no proof of exhaustion or even documentation that he submitted a request to the BOP. Accordingly, the Court finds that Defendant has not exhausted his administrative remedies. See Tindall, 455 F.3d at 888.

Defendant's current release date is January 31, 2028. Federal BOP, Find an inmate, https://www.bop.gov/inmateloc//# (last visited Nov. 3, 2025). Thus, there is time for Defendant to exhaust administrative remedies and, if unable to resolve his dispute with the BOP, file a § 2241 petition in the Middle District of Pennsylvania. Accordingly, this part of the motion will be dismissed without prejudice as his claim for pretrial credit for time spent in custody must be brought pursuant to 28 U.S.C. § 2241 in the appropriate federal district court after exhaustion of administrative remedies.

## IV.   Order

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Letter Motion to Modify Sentence **[Doc. 80]** is **DENIED** as to a Request for Relief Under U.S.S.G. § 821 and is **DENIED without prejudice** as to a Request for Award of Credit for Time Served in County Jail; and

2. The Motion is **DISMISSED in all respects**, except that it is **DISMISSED without prejudice** as to a Request for Award of Credit for Time Served in County Jail.

Dated:  November 4, 2025                    s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court